IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GUANGMING LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3297 |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the pro se Plaintiff Guangming Liu's Motion entitled Plaintiff's Motion and Arguments (d/e 13) (Motion). Liu is not a citizen of the United States, but he is a lawful resident. He has applied for an adjustment in his status to become a permanent resident alien. That application has been pending since 2004. He has filed this action to force the Department of Homeland Security (Department) and the Federal Bureau of Investigation (FBI) to complete their assigned tasks so that the adjudication of his application can be completed. The Motion asks the Court to enter an order to compel the Defendants to adjudicate his application within a strict time limit. The Motion is, in effect, a request for

1

summary judgment. The evidence presented creates an issue of fact regarding whether the delay results from an exercise of discretion or a failure to act. The Motion, therefore, must be denied.

At summary judgment, Liu must present evidence that demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the Defendants. Any doubt as to the existence of a genuine issue for trial is resolved against Liu. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Once Liu has produced evidence showing that he is entitled to summary judgment, the Defendants must present evidence to show that issues of fact remain. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). When viewed in the light most favorable to the Defendants, the delay in Liu's name check is the result of the exercise of discretion by the FBI in determining the order and manner in which to conduct name checks. The Motion, therefore, is denied.

On October 25, 2004, Liu filed an I-485 form application to adjust his status in this country to become a permanent resident alien. The United States Citizenship and Immigration Services (USCIS) is responsible for

adjudicating his application. The USCIS is an agency within the Department. The process requires, among other things, a background and security check, which includes: (a) a fingerprint check by the FBI; (b) a name check by the FBI; and (c) a check against the records of the Department's Interagency Border Inspection System. <u>Defendants' Response in Opposition to Plaintiff's Motion (d/e 14) (Defendants' Response)</u>, Exhibit A, <u>Declaration of Bradley J. Brouillette in Support of Defendants' Motion to Dismiss, (Brouillette Declaration)</u>, ¶ 3. When all the checks are completed, the application may proceed. Representatives of USCIS sent the request for the name check to the FBI in November 2004, but the check has not been completed. Currently, only the FBI name check remains uncompleted. <u>Id.</u>, at ¶¶ 8-12.

The FBI National Name Check Program (Program) conducts the name checks requested by the USCIS. According to Michael Cannon, the FBI Section Chief for the Program, the FBI conducts name checks for federal agencies, congressional committees, the federal judiciary, friendly foreign police and intelligence agencies, and state and local criminal justice agencies. <u>Defendants' Motion for Leave to Submit Supplemental Affidavit (d/e 15)</u>, attached <u>Declaration of Michael A. Cannon (Cannon Declaration)</u>, ¶ 4.

Prior to September 11, 2001, the FBI processed 2.5 million name check requests per year. The number has increased since that date. In fiscal year 2006, the FBI processed in excess of 3.4 million name checks. Id., at ¶ 16. In 2002, USCIS's predecessor the Immigration and Naturalization Service (INS) determined that all persons seeking immigration benefits needed to be subjected to an FBI name check. In December 2002 and January 2003, the INS submitted 2.7 million name check requests to the FBI. Id., at ¶ 18. That was in addition to the requests received by other agencies. Id. The resulting increase in volume has created a queue of name checks to be performed. The length of time that a particular individual must wait depends on the resources available to conduct the checks, the time necessary to complete the name checks that are ahead of a particular individual in the queue, and the priorities set for the order of the name checks. Id., at ¶ 20.

In most cases, once the check has begun, the FBI can complete the check within a matter of days. Approximately 68 percent of the name checks are completed within 48 to 72 hours. Id., at ¶ 13. Ninety percent of the checks are completed within 60 days. Id. The remaining 10 percent are individuals for whom the FBI may have a record. These checks take longer because the records must be retrieved and reviewed by hand. Id.

Cannon states that the USCIS name check request of Liu is being handled in accordance with FBI procedures, but is not yet completed. Id., at ¶ 22. He states that the results of the check will be forwarded to the USCIS in accordance with the FBI's normal protocol. Id.

Other evidence, however, indicates that the delay in conducting Liu's name check is highly unusual. The USCIS reports that the FBI generally is very efficient in completing name checks. The USCIS reports that in 82 percent of the cases, it receives a completed name check from the FBI within a few weeks of making the request. In 99 percent of the cases, USCIS receives a name check response from the FBI within six months. USCIS 83 No. 21 Interpreter Releases 988 (May 22, 2006). The USCIS reports that sometimes several years pass before the USCIS receives a response from the FBI on the remaining one percent of name checks. Id.

Based on this somewhat conflicting evidence, Liu asks the Court to order these agencies to get on with their assigned tasks. He seeks a writ of mandamus or an order under the Administrative Procedures Act (APA). Mandamus will lie to order an official to act if: (1) the plaintiff has a clear right to the requested action; (2) the official has a non-discretionary duty to act; and (3) no alternative adequate remedy is available. 28 U.S.C. §

1361; <u>Blaney v. United States</u>, 34 F.3d 509, 513 (7th Cir. 1994).  Further, the APA authorizes courts, through federal question jurisdiction, to issue orders to compel federal agencies to act when such action is unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1); 28 U.S.C. § 1331; <u>see</u> <u>Brock v. Pierce County</u>, 476 U.S. 253, 260 n.7 (1986).

The Defendants argue that this Court lacks jurisdiction to review the speed with which the USCIS and the FBI perform their duties.  The Immigration and Nationality Act states that this Court lacks jurisdiction to review discretionary actions of the Department or the Attorney General.  Section 1252(a)(2)(B) states, in part:

> (2) Matters not subject to judicial review . . . .
>   (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review–
>
> . . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).  The USCIS is an agency within the Department and the FBI is an agency within the office of the Attorney General.  The

Defendants argue that the FBI and the USCIS have discretion to decide how to proceed with applications such as Liu's, and therefore, this Court lacks jurisdiction to grant the relief Liu seeks.

The Court agrees that the FBI and USCIS have discretion to decide how to proceed in adjudicating applications, and this Court cannot review the exercise of that discretion. The Defendants, however, have a non-discretionary duty to process Liu's application; they cannot decide not to process an application. Such a decision would not be an exercise of discretion, but a refusal to perform assigned duties. This Court has jurisdiction to review whether the Defendants are refusing to act. Alkenani v. Barrows, 356 F.Supp.2d 652, 656-57 (N.D. Tex. 2005); Singh v. Still, 470 F.Supp.2d 1064, 1067 (N.D. Cal. 2006); Gelfer v. Chertoff, 2007 WL 902382, at *2 (N.D. Cal., March 22, 2007); Mahd v. Chertoff, 2007 WL 891867, at *3 (D. Colo., March 22, 2007); Aboushaban v. Mueller, 2006 WL 3041086, at *2 (N.D. Cal., October 24, 2006); Zahani v. Neufeld, 2006 WL 2246211, at *1 (M.D. Fla., June 26, 2006); Elkhatib v. Butler, 2005 WL 5226742, at *2 (S.D. Fla., June 7, 2005). The Defendants cite only one case in which the Court dismissed for lack of jurisdiction. Mustafa

v. Pasquerell, 2006 WL 488399 (W.D. Tex. January 10, 2006).[1] In Mustafa, however, the Court found no jurisdiction because the Court found that the delay in processing the plaintiff's visa application was the result of the conscious exercise of discretion in compliance with USCIS regulations. Id., at *3-*4. The Mustafa case did not involve a refusal to act.

In this case, the evidence establishes that 99 percent of the FBI name checks take six months or less, but Liu's name check has taken over two years, and still is not completed. The significant delay at least raises a question regarding whether representatives of the FBI are not processing his name check. Cannon's Declaration states that Liu's name check request is being handled according to standard procedures and will be completed in the normal course. When viewed in the light most favorable to the Defendants, the Cannon Declaration indicates that the FBI is processing the request for Liu's name check and any delay is due to the exercise of the FBI's discretion in determining the timing for conducting this particular name check and the manner in which to conduct the check. If so, then Liu

---

[1] The Defendants also cite several opinions by the Seventh Circuit Court of Appeals. Jarard v. Gonzales, 461 F.3d 867 (7th Cir. 2006); Sokolov v. Gonzales, 442 F.3d 566 (7th Cir. 2006); Martinez-Maldonado v. Gonzales, 437 F.3d 679 (7th Cir. 2006); Vasile v. Gonzales, 417 F.3d 766 (7th Cir. 2005). These cases concern jurisdiction to review a decision by the Department or the Attorney General, not an alleged refusal to act. The cases, therefore, do not apply to this case.

is asking the Court to review a discretionary action of the Attorney General through his agency, the FBI. The Court would lack jurisdiction to conduct such a review.

The Defendants urge the Court not to interfere with the priorities set by the USCIS and the FBI in processing applications such as the one filed by Liu. The Court agrees; it should not and will not interfere with the exercise of the agencies' discretion. The problem is that the evidence is contradictory. The USCIS states that 99 percent of the name checks are completed in six months, but Liu's case has taken over two years so far. Cannon, however, says that Liu's case is being handled in the ordinary course. This conflicting evidence creates an issue of fact. If the Court finds that the Defendants are exercising their discretion, then Liu will not be entitled to relief. At this point, issues of fact remain. Summary judgment, therefore, is denied.

THEREFORE, Plaintiff's Motion and Arguments (d/e 13) is DENIED. IT IS THEREFORE SO ORDERED.

ENTER:        April 23       , 2007.

FOR THE COURT:

                                        s/Jeanne E. Scott

JEANNE E. SCOTT
UNITED STATE DISTRICT JUDGE