IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GUANGMING LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3297 |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| SECRETARY OF THE | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants' Motion for Summary Judgment (d/e 19) (Defendants' Motion). Plaintiff Guangming Liu is a legal alien resident of the United States. He applied for permanent resident status on October 25, 2004, and is waiting for his application to be processed. He brought this action pursuant to the Declaratory Judgment Act, the Administrative Procedures Act (APA), and the Mandamus Act to force the Defendants to process his application. 28 U.S.C. §§ 1331 and 1361; 5 U.S.C. §§ 701-06; 28 U.S.C. § 2201. The Court previously denied

Liu's Motion for Summary Judgment. <u>Opinion entered April 23, 2007 (d/e 17)</u> (Opinion). The Defendants now seek summary judgment. For the reasons set forth below, the Defendants' Motion is allowed.

At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Plaintiff Liu. Any doubt as to the existence of a genuine issue for trial is resolved against the Defendants. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Once the Defendants have produced evidence showing that they are entitled to summary judgment, Liu must present evidence to show that issues of fact remain. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

The Court addressed the facts and issues in detail in the Opinion. <u>Opinion</u>, at 2-5. Defendants United States Citizenship and Immigration Services (USCIS) and Federal Bureau of Investigation (FBI) (collectively, the Agencies) are responsible for processing Liu's application. The Agencies have the discretion to determine how to process such applications, including the order in which to process the numerous pending applications; however,

2

these Agencies cannot simply refuse to perform their assigned duties. Id., at 7. The Court lacks jurisdiction to review the exercise of discretion by the Agencies, but it can enjoin the Agencies from refusing to perform their assigned duties. Id.; 8 U.S.C. § 1252(a)(2)(B).

Liu's application is awaiting completion of a name check by the FBI. Id., at 3. Based on the evidence presented in connection with Liu's Motion for Summary Judgment, the Court determined that an issue of fact existed regarding whether the delay in the completion of the name check reflected an exercise of discretion by the FBI in deciding the order and manner in which to complete the millions of name check requests from various agencies, including the USCIS, or whether the delay reflected a refusal by the FBI to perform the name check at all. Id., at 8-9.

The FBI has now presented additional evidence to demonstrate the Agency's efforts to complete the backlog of name check requests. Defendants' Motion, Exhibit A, Declaration of Michael A. Cannon dated May 31, 2007 (May 2007 Cannon Declaration). After the terrorist attack on September 11, 2001, the USCIS's predecessor, the Immigration and Naturalization Service (INS), determined that all persons seeking immigration benefits needed to be subjected to an FBI name check. In

December and January 2003, the INS submitted 2.7 million name check requests to the FBI. This was in addition to the name check requests from other agencies. The result was a queue of names to be checked. Opinion, at 4. Absent a request for expedited treatment, each name check request is handled in the order received. May 2007 Cannon Declaration, ¶ 25.

The FBI's additional evidence describes the FBI's efforts and ability to handle the backlog of requests. In fiscal year 2006, the FBI completed in excess of 3.4 million name checks. As of April 30, 2007, the FBI completed over 2 million requests. Id., ¶ 16. The backlog, however, is only growing. As of April 30, 2007, the FBI was receiving approximately 71,000 requests per week, but was only able to process approximately 68,000 requests per week. Id., ¶ 21.

The FBI is improving its process for handling name check requests. The agency is developing the Name Check Dissemination Database to automate part of the process to reduce manual preparation of reports and duplication of effort by other agencies. The FBI is hiring additional personnel to conduct name checks and is also working with other agencies and contractors to complete name checks. The FBI is automating its communications with agencies that request name checks to speed this part

of the process. The FBI is also procuring textual analysis software to reduce the time needed to verify the identity of the individual. Id., at ¶¶ 26-32. Finally, the FBI is developing a central repository of the records to conduct name checks so that the process can be performed at a single location. Currently, the information must be retrieved from 265 locations throughout the FBI. Id., at ¶ 33.

This additional evidence is uncontroverted and shows that the FBI is exercising its discretion to conduct the name checks and is improving the process. This evidence shows that the FBI is not simply refusing to process name checks such as the one for Liu's application. Because the FBI is exercising its discretion in processing name check requests, this Court cannot grant Liu any relief because this Court lacks jurisdiction to review the FBI's exercise of its discretion. Opinion, at 7; 8 U.S.C. § 1252(a)(2)(B). Because no issues of fact remain, the Defendants are entitled to summary judgment. Fed. R. Civ. P. 56.

Liu argues that even if the FBI is exercising its discretion in this case, the delay caused thereby is unreasonable. As explained in the Opinion, this Court lacks jurisdiction to review the manner in which the Defendants exercise their discretion. Opinion, at 7; 8 U.S.C. § 1252(a)(2)(B). This

Court, therefore, lacks jurisdiction to determine whether the Defendants are taking an unreasonable length of time to perform their duties.  <u>Id.</u>  The supplemental evidence, which is uncontroverted, shows that the FBI is performing its duties.  This Court, therefore, lacks jurisdiction to evaluate the manner in which those discretionary duties are being performed.

THEREFORE, the Defendants' Motion for Summary Judgment (d/e 19) is ALLOWED.  Judgment is entered in favor of the Defendants and against Plaintiff Guangming Liu.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   September 27, 2007

    FOR THE COURT:

                            s/ Jeanne E. Scott
                            JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE